IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KELVIN OZIER | ) |
| Plaintiff | ) |
| | ) **Cause No.  4:21-cv-125** |
| Vs. | ) |
| | ) |
| CITY OF JEFFERSONVILLE, | ) |
|     Defendant | |
| | ) |
| NIKOLAI BOYAR, individually | ) |
| And in his official capacity as a | ) |
| Jeffersonville Police Officer | ) |
|     Defendant | ) |
| | ) |
| KENNY KAVANAUGH, individually | ) |
| And in his official capacity as a | ) |
| Chief of Jeffersonville Police Department | ) |
|     Defendant | |
| | |
| MICHAEL STACEY,   individually | ) |
| And in his official capacity as a | ) |
| Jeffersonville Police Officer | ) |
|     Defendant | ) |
| | |
| JESSE SUMMERFIELD,  individually | ) |
| And in his official capacity as a | ) |
| Jeffersonville Police Officer | ) |
|     Defendant | |

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Comes now the Plaintiff, Kelvin Ozier, by counsel, and for his Complaint and Demand for Trial by Jury, states as follows:

I.        INTRODUCTION

This action is brought by Plaintiff against the City of Jeffersonville/the Jeffersonville Police Department; Nikolai Boyar, individually and in his official capacity as a Jeffersonville police officer;  Michael Stacey and Jesse Summerfield of the Jeffersonville Police Department, individually and in their official capacities. Defendants violated 42 U. S. C. 1983 when officers of the City of Jeffersonville Police Department 1. Forcibly entered the residence of the Plaintiff without a warrant, consent, or any lawful reason, 2. When officers Boyar and Stacey punched, grabbed, pulled, and/or battered the Plaintiff, 3. When the officers restrained the Plaintiff in handcuffs in his home without cause, 4. When the officers removed Plaintiff's children from his home and presence without cause or consent, 5. When the officers trespassed and unlawfully occupied and searched the Plaintiff's residence without legal justification, cause or consent. 6. By maliciously and selectively initiating and encouraging criminal prosecution of the Plaintiff. 7. By initiation of criminal prosecution for alleged conduct which, if committed, was completely legal and constituted a clearly established liberty interest. 7. Attempting to reinstate criminal prosecution of the Plaintiff after the first malicious case had been dismissed. 8. By requesting, obtaining, and repeatedly attempting to serve an arrest warrant that they knew to have been obtained without probable cause and based upon knowingly false statements of fact. 9. By conspiring together to deprive the Plaintiff of his rights. These acts constitute procedural and substantive violations of the Plaintiff's due process rights. These acts were undertaken in violation of the equal protection clause. These repeated actions were undertaken in violation of Plaintiff's clearly established fourth, fifth, sixth, eighth and 14th amendment rights. These acts are in violation of the Indiana Constitution and are torts under Indiana law. The Plaintiff seeks the remedy of actual, compensatory, and punitive damages against all defendants, attorneys fees and costs with interest upon the same, and all other appropriate relief.

## II. PARTIES

1. At all times relevant to this litigation, Plaintiff's residence was within the geographical boundaries of the Southern District of Indiana and Plaintiff resides in the Southern District of Indiana.

2. At all times relevant to this litigation Defendant City of Jeffersonville is an Indiana city government agency with a police department. The individual defendants were employed and acted within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this court by 42 U.S.C. Sec. 1983 and 42 U.S.C. 1985

4. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and the defendants are located therein. Therefore, venue is proper in this court pursuant to 42 U.S.C. Sec. 1983.

## IV. STATEMENT OF FACTS

5. Kelvin W Ozier is 35 years old. He is a licensed nurse. He is a veteran of the United States Air Force. He has lived in the house that he owns a 5513 Raintree Ridge Jeffersonville, IN 47130 for over 10 years. Kelvin is a father of three sons.

6. On August 14, 2019 Mr. Ozier was inside his home with his three sons aged 7, 10, and 12. They had gotten home from school about 20 minutes earlier and were doing homework or other chores as part of their after school routine. The children's mother, Mr. Ozier's ex-wife, had dropped two of the children off at Mr. Ozier's residence. 20

3

minutes later, she contacted police by telephone asking that police check on the children. Jeffersonville police officers were dispatched. The Jeffersonville police incident report indicates that the dispatch was for a matter that was "routine" and of a priority that was "low."

7.  At least three Jeffersonville police officers came to Mr. Ozier's residence for this "routine," "low" priority call.  Mr. Ozier was in his living room, in his stocking feet, when police alerted at the door. Mr. Ozier went to the door and was surprised to see Jeffersonville police at his home. The sworn written statement of the Jeffersonville police officer states that Mr. Ozier advised he would be with the officers "momentarily." He did not open the door at that time.  Jeffersonville Police Offices listed in the police report and probable cause affidavit are identified therein as: Unit 138 Summerfield, Unit 152 Stacey, Unit 160 N. Boyar.

8.  Mr. Ozier returned to the door and opened the interior door. The officers were not invited inside. Mr. Ozier again asked that they wait a moment. The Jeffersonville police officer's later sworn statement states that the officer attempted to open the glass exterior door without permission. Mr. Ozier closed his own exterior door and attempted to close the interior door.

9.  It is the officer's sworn statement that police then forced entry to Mr. Ozier's home for the stated, and ridiculous reason, that during the period that Mr. Ozier did not open the door for police he could have obtained a weapon.

10. Police forced open the door of Mr. Ozier's residence. He verbally protested. The police bent him over the back of his couch as he protested and he asked them to stop. One police officer, Defendant Boyar, punched Mr. Ozier in the back. Boyar and another officer, Michael Stacey, then handcuffed Mr. Ozier.

11. Kelvin Ozier did not direct any physical force towards the officers to prevent their unlawful entry and battery of him, though he was entitled under Indiana law to have done so.

12. After the officers bent Mr. Ozier over, punched, and handcuffed him, an officer began leading him by his right arm toward the rear of the residence. Simultaneously, officer Boyar violently pulled Mr. Osher's left handcuffed arm in the opposite direction.

13. It is an explicit custom and policy of the Jeffersonville Police Department for their officers to not wear cameras which would document their actions.

14. Following the unprovoked tug-of-war between the officers on Kelvin Ozier's restrained arms, Ozier alerted police to the fact that his house was equipped with a video camera.

15. The demeanor and countenance of the officers noticeably changed when Mr. Ozier nodded in the direction of the camera which had recorded his beating.

16. However, undeterred, the officers seated Mr. Ozier in his own home while he was restrained in handcuffs. Ozier's three young sons were escorted from the home.

17. Ozier's home was searched by the police without his consent and without probable cause or even reasonable suspicion.

18. Finally, Mr. Ozier was released from his restraints in his living room.

19. Mr. Ozier was detained in his home for approximately 40 minutes. During this time of detention the police led Mr. Ozier's children out of the house and questioned them all, outside of their father's presence.

20. The incident that day seemed to end when the children's mother came and retrieved the children, to which Mr. Ozier consented. The police left. Mr. Ozier remained in his home.

21. 12 days later, Officer Boyar (the officer that punched Mr. Ozier in the back) presented a probable cause affidavit to the Clark County Prosecutor's Office and with it a request for a warrant for Mr. Ozier's arrest. The basis of the request for a criminal charge was the officer's claim that Mr. Ozier had broken his own son's phone prior to the police incident and that he did so as discipline. The officer asserted that the phone belonged to the child and also that it belonged to the mother.

22. Upon information and belief, no one has ever been charged with a similar crime anywhere in Indiana, at any time in the State's history.

23. The creative and lengthy probable cause affidavit and urgings of the police officer were designed and intended to have Mr. Ozier charged with multiple felony counts for the events described in the preceding paragraphs.

24. The police department was only successful in convincing the prosecutor to charge criminal mischief, a lowly class B misdemeanor. However the police department was successful in causing the unusual issuance of a warrant for the arrest of Mr. Ozier for the charge of "Criminal Mischief" as a Class B Misdemeanor.

25. The warrant was issued on September 6, 2019. Jeffersonville police officers went to Mr. Ozier's residence on different occasions in an effort to serve the warrant by arresting him at his home

26.  Mr. Ozier learned on September 12, 2019 that the warrant had been issued. He immediately presented himself to the Clark Circuit Court accompanied by his attorney. The court vacated the warrant.

27. On September 16, 2019 Ozier filed his Motion to Dismiss the charges against him based upon the violations of his clearly established constitutional rights.

28. On October 18, 2019 the charges against Ozier were dsmissed.

29. Following the dismissal of charges, officers of the Jeffersonville Police Department protested and lobbied the Clark County Prosecutor to reinstate and even increase the charges against Ozier.

## V. LEGAL CLAIMS

*Violation of Plaintiff's Substantive and Procedural Due Process Rights*

30.  Plaintiff hereby incorporates the foregoing paragraphs 1 through 29 of his complaint and, in addition, alleges and states that the Defendants actions violated 42 U. S. C. §1983 by acting under color of government authority and depriving Plaintiff of property and freedom by violating his clearly established substantive and procedural due process rights.

31. The actions of the Defendants were intentional, malicious, and undertaken with callous disregard for the clearly established constitutional rights of the Plaintiff.

32. The actions of the City of Jeffersonville, and the chief of the Jeffersonville Police Department were undertaken by maintaining a custom and policy of inadequate training, inadequate and negligent hiring and supervision.

33. The violative actions of the officers in seeking and initiating criminal prosecution were undertaken as part of a policy of the city of Jeffersonville the Jeffersonville Police Department. These actions were supervised, known, and ratified by the City of Jeffersonville, its police department, and the Chief of the Jeffersonville Police Department.

34. The actions of the individual officers caused harm to the Plaintiff.

35. The actions of the City's department in negligent hiring, retention, training, and supervision caused harm which was foreseeable and did actually cause harm to the Plaintiff.

COUNT ONE *Deprivation of Civil Rights 42 U.S.C. §1983*

36. The Plaintiff restates and incorporates every allegation, statement, and averment contained in paragraphs 1-35 of this complaint as if fully set forth herein.

37. The Defendants violated the Constitutional Rights of the Plaintiff on August 14, 2021 when officers trespassed upon the property of the Plaintiff, unlawfully detained the Plaintiff, battered the Plaintiff, prevented him from supervising and caring for his children, conducting a warrantless search of his residence and removing property from his residence.

COUNT TWO *Deprivation of Civil Rights 42 U.S.C. §1983*

38.  The Plaintiff restates and incorporates every allegation, statement, and averment contained in paragraphs 1-37 of this complaint as if fully set forth herein.


39. The Defendants violated the Constitutional Rights of the Plaintiff when initiating criminal prosecution by submitting a probable cause affidavit to the Clark County Prosecutor on August 26, 2019, requesting the issuance of an arrest warrant for the Plaintiff, and attempting to serve that arrest warrant by arresting the Plaintiff.

40.  The Defendants violated the rights of the Plaintiff by urging and promoting the charges against the Plaintiff and requesting the filing of additional charges.

41.  The Defendants violated the rights of the Plaintiff by urging and promoting the reinstatement of charges against the Plaintiff and requesting the filing of additional charges after the original charge was dismissed.


COUNT THREE *Conspiracy to Deprive Plaintiff of Civil Rights 42 U.S.C. §1985*

41.    The Plaintiff restates and incorporates every allegation, statement, and averment contained in paragraphs 1-41 of this complaint as if fully set forth herein.

42.  Kelvin Ozier is a member of a protected class.

43.  Defendants conspired to deprive Kelvin Ozier of his rights to equal protection of the law.

44.  Defendants actions were motivated by discriminatory animus towards Plaintiff Kelvin Ozier's race.

45. Defendants took actions in pursuit of this conspiracy.

46. Defendants actions were in retaliation for Plaintiff's exercise of his constitutional rights.

47. Defendants violations of Plaintiff's constitutional rights evinced a total and reckless disregard for and indifference to those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such future conduct.

COUNT FOUR

48.  Plaintiff restates and incorporates every allegation, statement, and averment contained in paragraphs 1-47 of this complaint as if fully set forth herein.

49.  The actions of the Defendants constitute the torts of trespass, battery, unlawful imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution, and abuse of process.

WHEREFORE, Plaintiff requests;

    A.  A trial by jury;

    B.  An award of actual, compensatory, and punitive damages to Plaintiff;

    C.  an award of Plaintiff's costs and attorneys fees and all other relief to which he is

        entitled under law or in equity; and

    D.  any and all other relief to which he may be entitled under the law.


Respectfully Submitted,

/s/ Matthew R. Lemme_____
Matthew R. Lemme 22447-10
LEMME LAW OFFICES, LLC
413 W. First Street
New Albany, IN 47150
(812)-512-1234
office@getlemme.com
Counsel for Plaintiff

11